**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 18, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ANITA LOUISE VIGIL,

    Plaintiff - Appellant,

v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security
Administration,

    Defendant - Appellee.

No. 15-2007
(D.C. No. 1:13-CV-00905-GBW)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **BALDOCK**, and **GORSUCH**, Circuit Judges.
_____

    Anita Louise Vigil appeals the district court's order denying her motion to remand to the Commissioner to reconsider the denial of her application for disability benefits. We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g), and we affirm.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I.

In Ms. Vigil's application for disability insurance benefits, she alleged her disability commenced December 26, 2008, when she was 45 years old. The agency denied her application initially and on reconsideration. Following a de novo hearing, an administrative law judge (ALJ) concluded Ms. Vigil was not disabled.

In reaching this conclusion, the ALJ conducted a five-step sequential evaluation process. *See Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). At step one, the ALJ noted Ms. Vigil had not engaged in substantial gainful activity since the alleged onset date of her disability. At step two, the ALJ found Ms. Vigil had the following severe impairments: "superior and posterior labral tears, and supraspinatus tendinopathy of the right shoulder, myofascial cervicalgia, asthma, diabetes, and migraine headaches." Admin. R. at 14. At step three, the ALJ found Ms. Vigil did not have an impairment or combination of impairments that met or equaled a listed impairment.

The ALJ then assessed Ms. Vigil's residual functional capacity (RFC), concluding that she could perform light work, with some additional limitations. At step four, the ALJ determined Ms. Vigil could not perform her past relevant work as a retail supervisor, but the ALJ found at step five that Ms. Vigil was capable of performing other available work.

The Appeals Council denied review of the ALJ's decision that Ms. Vigil was not disabled. On review, the district court upheld the ALJ's decision, denied

2

Ms. Vigil's motion to remand, and dismissed the case with prejudice. This appeal followed.

II.

"We review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (citation and internal quotation marks omitted).

Ms. Vigil argues that "[t]he ALJ failed to adequately consider the effects of [her] severe migraines when formulating the RFC finding at step four." Aplt. Br. at 9. "[She] contends that the ALJ's omission of headache-related limitations in the RFC is not supported by substantial evidence." *Id*.

In evaluating the impact of subjective symptoms such as pain or fatigue on a claimant's RFC, the ALJ engages in a two-part process. SSR 96-7p, 1996 WL 374186, at *2 (July 2, 1996). First, the ALJ must determine whether "there are medical signs and laboratory findings demonstrating the existence of a medically determinable . . . impairment[] that could reasonably be expected to produce the symptoms." *Id*. at *1. Once the ALJ has determined the existence of a medically determinable impairment, she then evaluates the claimant's credibility concerning

3

"the intensity, persistence, and functionally limiting effects of the symptoms . . . ."
*Id.*

The ALJ found that Ms. Vigil's medical impairments "could reasonably be expected to cause the alleged symptoms; however, [Ms. Vigil's] statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the [RFC finding]." Admin. R. at 18. The ALJ assessed Ms. Vigil with an RFC for light work with some additional functional and environmental limitations, but did not include any limitations related to her headaches. The ALJ acknowledged that Ms. Vigil experiences "some levels of pain," Admin. R. at 21, but ultimately determined that this impacted her ability to work only to the extent described in the RFC assessment.

Ms. Vigil asserts that the ALJ improperly discredited her testimony as to the disabling or limiting effects of her headaches "solely based on a lack of clinical or diagnostic findings." Aplt. Br. at 12. The ALJ did note the lack of objective evidence to support headaches to the degree or frequency alleged by Ms. Vigil, but the ALJ also gave other reasons for her adverse credibility determination that Ms. Vigil does not mention in her brief.

In explaining why she found Ms. Vigil not fully credible, the ALJ noted that Ms. Vigil "continued working for years after her initial injury and left her job because the store closed rather than because of her disability." Admin. R. at 21. Although there is some disagreement among her physicians, Ms. Vigil and at least one of her doctors believes that her headaches and migraines may be associated with

4

a shoulder injury she suffered in May 1995.  The record reflects that she complained of a severe headache as far back as March 2006, and she repeatedly complained of headaches and migraines throughout 2008.  By Ms. Vigil's own account, she frequently suffered from headache pain before she stopped working, yet she continued to work.  She testified that she only stopped working because her store closed and she lost her job.  The ALJ properly concluded that these circumstances cast doubt on Ms. Vigil's credibility.  *See Cowan v. Astrue*, 552 F.3d 1182, 1191 (10th Cir. 2008) (noting that a claimant's ability to work in the past despite his impairments suggests his conditions would not currently prevent him from working and casts doubt on his credibility).

The ALJ also noted that Ms. Vigil "collected unemployment benefits and was searching for work, while at the same time maintaining that she is unable to work." Admin. R. at 21.  Ms. Vigil alleged in her disability application that she became disabled as of December 26, 2008—when her store closed and she was laid off from her job.  She testified, however, that she was looking for jobs while she was receiving unemployment benefits, but she was unable to find a job.  She estimated that she drew unemployment benefits for two years.  Yet during this timeframe in 2009 and 2010, Ms. Vigil continued to complain that she was suffering from painful headaches and migraines.  The fact that Ms. Vigil actively sought employment while maintaining she suffered from disabling pain is a legitimate ground for the ALJ to discount her credibility.  *Cf. Newbold v. Colvin*, 718 F.3d 1257, 1267 (10th Cir.

5

2013) (observing that claimant's interest in returning to work during the period when she was allegedly disabled supported ALJ's adverse credibility finding).

Finally, the ALJ noted that Ms. Vigil made inconsistent statements about the side effects of her medication. She testified at the hearing "that she takes numerous prescription medications for neck and shoulder pains, migraine headaches, as well as to help her sleep." Admin. R. at 19. Although the medications provide some relief, she said they "make her tired and dizzy 'loopy' like, making it difficult to concentrate." *Id*. But as the ALJ correctly noted, the record reflects she told her doctors that she did not have any side effects from her medications, *see, e.g.*, *id*. at 660, 662. "One strong indication of the credibility of an individual's statements is their consistency, both internally and with other information in the case record." SSR 96-7p, at *5. The ALJ properly relied on Ms. Vigil's inconsistent statements about the side effects of her medication when making her adverse credibility determination.

"Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence." *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005) (internal quotation marks omitted). The ALJ based her credibility determination on appropriate considerations that are supported with substantial evidence in the record. Accordingly, the ALJ did not err in assessing Ms. Vigil's RFC.

We affirm the district court's order denying the motion to remand and dismissing the case.

Entered for the Court

Bobby R. Baldock
Circuit Judge